Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8841 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Bryan Keith vs. Deputy Sheriff Coffee | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Keith is granted until December 21, 2001 to cause the first of those filings (as well as the essential information as to his exhaustion of administrative remedies) to be delivered to this Court's chambers. As for the second submission, because that depends in part on materials to be provided by Pontiac personnel and given the intervention of the holiday season, an additional 14 days (to January 4, 2002) are allowed for the filing of those papers.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/30/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRYAN KEITH,  )
  )
 Plaintiff,  )
  )
v.  ) No. 01 C 8841
  )
DEPUTY SHERIFF COFFEE,  )
  )
 Defendant.  )

MEMORANDUM OPINION AND ORDER

Bryan Keith ("Keith") has again sought to institute a pro se 42 U.S.C. §1983[1] action against Cook County Deputy Sheriff Coffee ("Coffee") based on an October 30, 1999 occurrence at the Cook County Jail, where Keith was then in custody.[2] Although Keith is all too aware that Section 1997e(a) mandates every prisoner's exhaustion of any available administrative remedies before such a Section 1983 action may be instituted, his Complaint is totally silent on that subject. That and other deficiencies (or possible deficiencies) in Keith's current filing have occasioned the issuance of this sua sponte memorandum opinion and order.

By way of vital background, Keith first sued Coffee (as well as an Officer Albright) on the identical claim almost two years ago--not long after the October 30, 1999 date of the alleged occurrence. After this Court had then found that Keith's Section

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] At this point Keith is imprisoned at the Pontiac Correctional Center ("Pontiac").



1983 claim in that earlier lawsuit (Case No. 99 C 8171) was viable in facial terms, defense counsel moved for dismissal of the action on the strength of Keith's asserted noncompliance with Section 1997e(a). This Court gave Keith ample time to make an appropriate showing in response to that motion, but it then developed "that two thorough checks of the County Jail records (both the grievance files and the program services' tracking logs) have uncovered no record of any grievance of any kind having been filed by Keith at <u>any</u> time during the year 1999" (quotation excerpted from this Court's August 24, 2000 memorandum order).

Accordingly this Court, in its just-quoted memorandum order, granted defendants' motion to dismiss in accordance with the statutory mandate. Keith then took an appeal, and on December 21, 2000 our Court of Appeals entered an order dismissing the appeal because of Keith's failure to pay the required docketing fee (as the Court of Appeals' order reflected, Keith had neither paid the $105 in appellate fees nor filed a motion for leave to proceed on appeal in forma pauperis).

Now Keith has again named Coffee as a defendant in this new action on the selfsame claim. Yet, as stated at the outset, his self-prepared Complaint says not a word as to his having taken any action in pursuit of the administrative remedies. Under these circumstances this Court would be totally within its rights

2

in dismissing <u>this</u> action as well on the ground that Keith has not established satisfaction of the Section 1997e(a) precondition to suit. But because such a dismissal would carry Keith past the expiration of the two-year limitation period for Illinois-based Section 1983 actions, this Court will give Keith an opportunity to cure his omission if he is able to do so. Any filing that he makes in that respect must be <u>received</u> in this Court's chambers on or before December 21, 2001, failing which this action will indeed be dismissed.[3]

It should however be noted that Keith may already be out of time in connection with this current action. Keith's forwarding letter to this District Court's Clerk's Office is dated November 9, 2001, and his transmittal envelope bears a November 10 date--both after expiration of the two-year period following October 30, 1999. But all that Keith says in that forwarding letter is that the Complaint "was mailed in a timely fashion" and that "it was received and returned to me by the U.S. Probation and Parole Office by error." What Keith has not provided are:

    1. the precise date on which Keith mailed his original

---

[3] This Court recognizes that such a requirement of actual receipt does not give Keith the benefit of the "mailbox rule" of <u>Houston v. Lack</u>, 487 U.S. 266 (1988) in that respect. But the establishment of such a bright-line requirement does not prejudice Keith, because the December 21 date provides him with a substantial cushion beyond the time reasonably required to comply with this order--after all, Keith already knows the facts.

3

transmittal and how it was addressed (or if he delivered it to the officials at Pontiac for transmittal to this District Court, the precise date of such delivery[4]); and

2. two executed counterparts of the enclosed Application To Proceed In Forma Pauperis, both of which must be filled out in their entirety and must be accompanied by a printout covering all transactions in Keith's inmate trust fund account at Pontiac for the entire period from May 1, 2001 until October 30, 2001.[5]

Keith is granted until December 21, 2001 to cause the first of those filings (as well as the essential information as to his exhaustion of administrative remedies) to be delivered to this Court's chambers. As for the second submission, because that depends in part on materials to be provided by Pontiac personnel and given the intervention of the holiday season, an additional 14 days (to January 4, 2002) are allowed for the filing of those

---

[4] If that were the situation, the Houston mailbox rule would apply in establishing the filing date of this action.

[5] If it turns out that Keith can satisfy the Section 1997e(a) requirement and that the Complaint was also timely rather than untimely filed, that added submission will enable this Court to make the necessary calculations and establish the necessary procedures called for under 28 U.S.C. §1915. In that regard, although Keith has accompanied the Complaint with a handwritten document captioned "Motion for In Forma Pauperis," he has failed to provide the necessary additional information referred to in the text.

papers.

```
                           _____
                           Milton I. Shadur
                           Senior United States District Judge
```

Date:   November 29, 2001